**Joseph Jorge COLE, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–8169.**

**Court of Appeals of Alaska.**

**June 20, 2003.**

Dan S. Bair, Anchorage, for Appellant.

Michael Sean McLaughlin, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

A jury found Joseph Jorge Cole guilty of first-degree murder.[1] The superior court imposed a 65-year sentence with 20 years suspended. We upheld Cole's conviction on direct appeal.[2] Cole pursued an application for post-conviction relief, claiming that his trial attorney was incompetent in two ways: first, because she did not retain a forensic pathologist to present evidence on the cause of the victim's death, and second, because she

---

**1.** AS 11.41.100(a).

**2.** *Cole v. State,* Alaska App. Memorandum Opinion and Judgment No. 3845, 1998 WL 395224 (July 15, 1998).

did not advise him concerning the potential difference in his parole eligibility if he was convicted of first-degree murder instead of accepting a charge bargain from the State for a guilty plea to second-degree murder[3] with open sentencing.

The superior court dismissed Cole's application for failing to state a prima facie claim. We conclude that the superior court did not abuse its discretion and therefore affirm.

### Facts and proceedings

On October 20, 1995, Cole and another man, Allen Cole (no relation), walked up, handguns drawn, to a car that was stopped at a red light in Anchorage. Both men mistakenly believed the car contained their intended victim. They opened fire as they came alongside, firing more than a dozen shots into the vehicle. Two of the shots hit Thomas Kusmider, a person unknown to the men. A bullet from Cole's gun struck Kusmider in the shoulder and a bullet from Allen Cole's gun struck Kusmider in the chest. The driver of the car fled from the scene and rushed Kusmider to the hospital. In spite of emergency treatment, Kusmider bled to death.

The grand jury indicted the Coles for first-degree murder. Allen Cole accepted the State's charge bargain and pleaded no contest to second-degree murder. Although Cole's attorney advised him to accept the same offer, Cole persisted in his not guilty plea and the jury convicted him as charged.

### Cole's claim that his attorney was ineffective because she did not present expert testimony on the cause of death

Cole's application alleges that his trial attorney provided ineffective assistance of counsel because she did not call a forensic pathologist to testify on the cause of Kusmider's death. Cole supported his application with an affidavit from Dr. Donald R. Rogers, a forensic pathologist. Cole contends that Dr. Rogers' opinion, as set out in his affidavit, supports his claim that his attorney could have presented testimony that would show that Kusmider would not have died had he

only been wounded in the shoulder—that is, had he been struck by Cole's bullet alone. From this, Cole argues that he would have been able to show at least a reasonable doubt whether he was guilty of first-degree murder as a principal.

The State moved to dismiss this claim and argued that Cole's factual averments for this claim were deficient because Dr. Rogers' opinion was no more favorable than the evidence Cole's trial attorney brought out during cross-examination of the forensic pathologist called by the State, Dr. Norman Thompson.

Superior Court Judge Elaine M. Andrews, who presided over Cole's jury trial, compared the assertions in Dr. Rogers' affidavit with Dr. Thompson's trial testimony concerning Kusmider's cause of death. Judge Andrews found "essentially no difference" between Dr. Rogers' affidavit and Dr. Thompson's testimony. She also found that Dr. Thompson's testimony appeared to be "much more persuasive" on the theory Cole advanced than Dr. Rogers' affidavit. Judge Andrews noted that Cole's trial attorney interviewed Dr. Thompson before trial and elected not to call an expert. The trial attorney reasoned that a pathologist would be unlikely to opine that a significant gunshot wound did not legally contribute to death by exsanguination. Because the facts in the application showed that Cole's trial attorney made a tactical choice about calling a forensic pathologist and because Cole had not alleged facts that established any prejudice, Judge Andrews dismissed this claim.

A prima facie claim of ineffective assistance of counsel must allege facts to show that the trial attorney's conduct fell outside the range of reasonable actions that might have been taken by an attorney skilled in the criminal law, and that there is a reasonable doubt whether the incompetence contributed to the conviction.[4] Both Dr. Rogers and Dr. Thompson agreed that Kusmider's shoulder wound would not have been life-threatening on its own, assuming timely medical care, and both agreed that his chest injury was a

---

3. AS 11.41.110(a).

4. *Risher v. State,* 523 P.2d 421, 424–25 (Alaska 1974).

lethal wound. And, because Kusmider bled to death, Dr. Rogers agreed with Dr. Thompson that the shoulder injury that was directly caused by Cole's gunshot "would have contributed to Mr. Kusmider's death." Therefore, Judge Andrews' ruling that Cole's application did not allege a prima facie case of prejudice was not an abuse of discretion.

*Cole's claim that his attorney was ineffective because she did not advise him of potential parole considerations*

■ Next, Cole argues that he established a prima facie claim when he alleged that his attorney was incompetent because, although she advised him to accept the offered charge bargain, she did not advise him that he might be eligible for parole sooner if he accepted. Judge Andrews granted the State's motion to dismiss this claim, reasoning that Cole's counsel was not required to advise Cole of his potential for parole when advising him on the advantages and disadvantages of the State's charge bargain.

In *Hampel v. State*,[5] the defendant accepted a plea bargain in which he would plead guilty to first-degree murder in return for a guarantee of no more than a 60–year sentence.[6] The trial court sentenced Hampel to serve 60 years with 20 years suspended.[7] Hampel pursued post-conviction relief claiming, in part, that he was unaware that he would not receive "good time credit" against the 20–year mandatory minimum sentence for first-degree murder. Hampel claimed that this lack of awareness rendered his plea involuntary.[8] We rejected Hampel's claim because it was based on his unilateral subjective belief about parole eligibility (i.e., his belief was not influenced by advice or promises from his attorney or a promise from the court).[9]

A court is not required to advise defendants on the potential for parole release, even when the court is asking defendants whether they understand their rights during a change of plea hearing.[10] Here, Cole argues that his attorney was incompetent because she did not advise him about parole eligibility. But Cole has not cited any persuasive authority in support of this assertion. Cole concedes he was informed of the minimum and maximum penalties that applied in his case. And Cole does not aver that his attorney provided him with any misleading advice about the offered charge bargain or the consequences of his desire to reject the charge bargain and go to trial on first-degree murder.

We conclude that an attorney is not required to advise a defendant about parole eligibility when the defendant is offered a charge bargain with open sentencing. We agree with Judge Andrews' conclusion that Cole's attorney was not required to provide Cole with an analysis of his potential for parole release when she recommended that he accept the charge bargain.

*Conclusion*

The judgment of the superior court is AFFIRMED.

MANNHEIMER, Judge, concurring.

MANNHEIMER, Judge, concurring.

I agree with my colleagues that Cole failed to show that he was prejudiced by his trial attorney's failure to call Dr. Rogers to testify about the cause of death. However, I reach this result for a different reason.

Cole and his accomplice, both armed with firearms, stood outside their victim's car and fired over a dozen bullets into it. Ballistics analysis revealed that a bullet from Cole's gun wounded the victim in the shoulder, while a bullet from his accomplice's gun wounded the victim in the chest. The victim later died from the loss of blood caused by these wounds.

At trial, Cole tried to convince the jury that he should not be convicted of first-

**5.** 911 P.2d 517 (Alaska App.1996).

**6.** *Id.* at 519.

**7.** *Id.*

**8.** *Id.* at 524.

**9.** *Id.* at 525.

**10.** *See Morgan v. State,* 582 P.2d 1017, 1027 (Alaska 1978).

degree murder as a principal by arguing that the bleeding caused by the shoulder wound had not contributed in a significant way to the victim's death. To this purpose, Cole's attorney cross-examined the State's pathologist, Dr. Thompson, to suggest that the shoulder wound was largely insignificant. Now, Cole asserts that his attorney should also have introduced the testimony of Dr. Rogers to bolster this point.

But even if the jury believed that the shoulder wound did not contribute in any significant way to the victim's death, Cole would still be guilty of first-degree murder. The crime of first-degree murder requires proof of the defendant's intent to kill. Thus, when the jury found Cole guilty of first-degree murder, they necessarily found that when Cole participated in the armed assault on the occupants of the car, he acted with the intent to kill. And, because Cole participated equally in this assault (working together with his accomplice to fire more than a dozen bullets into the vehicle), Cole was accountable under AS 11.16.110(2) for the conduct of his accomplice—that is, for the gunshots fired by his accomplice. Thus, even if none of Cole's bullets had struck the victim, Cole would still be properly convicted of first-degree murder. *See Riley v. State,* 60 P.3d 204 (Alaska App.2002); *Knutson v. State,* 736 P.2d 775, 780 (Alaska App.1987).

For this reason, I conclude that Cole's trial attorney's decision to refrain from calling Dr. Rogers could not have affected the outcome of the trial.